*Appellate Division*

No. 5512

**MAX LEAVITT**

v.

**HENRY ROSS, AKA**

(November 6, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Duggan, J.,* in the District Court of Southern Essex. No. 2649 of 1959.

*Brooks, P. J.* This is an action of contract to recover $1,736.81 as a result of defendant's violating the terms of a lease.

The answer is general denial and recoupment for failure of plaintiff to perform an

agreement to make repairs and do certain decorating.

*There was evidence tending to show the following:* Plaintiff was the owner of the premises in question located in the Middle West and he had leased the same to defendant for $145 a month. Defendant secured employment in the Eastern part of the United States and at the suggestion of plaintiff, attempted to find a new lessee, but none was found by October 1, 1958, at which time defendant abandoned the premises and plaintiff took until the day following the date of the termination of the lease, which date does not possession. The premises remained vacant appear in the report.

The lease contained the following clause. "The lessee shall deposit with Max Leavitt, lessor, $290, which shall be retained as a guarantee fund applicable for the correction of any default under the terms of this lease or to be returned to the lessees at the termination of this lease." At the close of the trial, defendant made the following Requests for Rulings which were disposed of as hereinafter noted:

1. That the plaintiff offered to terminate the lease, annexed to the declaration and marked "A", if the defendant attempted to obtain a new lessee at an increase of rental from $145 to $150 a month; that the defendant accepted this offer and did attempt to obtain a new lessee; that this offer and acceptance constituted a new agreement between the plaintiff and the defendant, which agreement ter-

minated the lease and took from the plaintiff the right to sue for damages under the said lease. *Denied as inapplicable to the facts as found by me.*

2. That upon all the law and the evidence the plaintiff is not entitled to recover damages since the plaintiff, as lessor, did not act with sufficient diligence to minimize the damages. *Denied as contrary to the facts as found by me.*

3. That the clause in the lease: "The Lessee shall deposit with Max Leavitt, Lessor, $290 which shall be retained as a guarantee fund applicable for the correction of any default under the terms of this lease, or to be returned to the lessee at the termination of this lease," was, for all intents and purposes, and was intended to be by the lessor and the lessee, an agreement which would allow the lessor, by applying the $290 for the correction of a default, to substitute the total sum for a wrong without regard for the amount of damages resulting from the wrong.

The total sum of money was applicable under the terms of this clause, and was intended by the parties to be so applicable, to correct the damages resulting from defaults under the terms of the lease, and to use the whole fund to make such correction, even if the damages were minimal. There is no provision for the retention of so much of the guarantee fund, as will properly compensate the lessor if a default shall have been made, and a return of the balance, if any, to the lessee. The lessor cannot now, having applied the whole of the

fund seek additional damages from the lessee. That the lessor did apply the guarantee fund for the correction of defaults under the terms of the lease, that such application operated to extinguish any claim of the plaintiff for damages by reason of the defendant's breach of the agreements of the lease. *Denied. I quote applicable part of Memorandum of Decision— "I also find from the evidence that the defendant was entitled to the return of his security deposit."*

The Court denied the defendant's Request for Rulings.

The Court found the following facts:

"I find as a fact that there is a valid lease between the parties and that the defendant was to pay $145 per month. I find as a fact that the defendant secured employment in the eastern part of the United States and that the premises in question were in the Middle West. I find as a fact that the lessor is ready, able and willing and did cooperate with sufficient diligence to minimize the damages. I find as a fact that the plaintiff is entitled to the loss of rental, that he is entitled also to the costs that he expended for advertising in order to rent the apartment, and also is entitled to the cost of heating the apartment while it was idle. I also find from the evidence that the defendant was entitled to the return of his security deposit. The Court found for the plaintiff in the sum of $867.84."

The report stated that it contained all the

evidence material to the questions reported.

Defendant claims to be aggrieved "By the denial of the Request for a Ruling that upon all the law and the evidence a finding for the defendant was warranted on the following specific grounds:" (There then follows verbatim defendant's third request).

It is difficult to determine whether defendant is appealing from the denial of his second or his third request. The first part of his claim of grievance is in the language of his second request, the rest of it is a recital of his third request.

If defendant is proceeding on his second request, he presents no basis for over-ruling the trial judge. If his objection is to the judge's denial of the third request, then a mere perusal of the so-called request should suffice to explain why it was denied. It is in no sense a properly framed request, — consisting mainly of a confused recital of facts.

*Report dismissed.*

Max Edesess, for the Defendant.
No brief or argument for the Plaintiff.